**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 13**

Docket No. DC-1221-15-0676-W-1

**Darryl M. Lewis,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

March 3, 2016

Darryl M. Lewis, APO/AE, pro se.

George Roderick Gillette and Steven J. Weiss, Esquire, Washington, D.C.,
for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction without holding a hearing.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2    Prior to his removal on or about January 14, 2012, the appellant was employed as a Foreign Affairs Specialist, GS-0130-13, at the Department of Defense, Defense Prisoner of War/Missing Personnel Office in Washington, D.C. Initial Appeal File (IAF), Tab 1 at 1, 3, 6.  During September 2011, he asked to take 1 year of leave without pay (LWOP), during which he intended to pursue a Master of Law degree at the International University of Saarland in Saarbruecken, Germany.  IAF, Tab 7 at 39, 42, 54.  He intended to accompany his wife to her new duty station in Germany.  *Id.* at 42, 54.  He also requested permission to telecommute from Germany.  IAF, Tab 1 at 3, 22.  His requests were denied.  *Id.*; IAF, Tab 7 at 39.  He informed the agency that he was moving to Germany, but he did not resign.  IAF, Tab 7 at 54.  Instead, he stopped reporting to work on October 24, 2011.  The agency ordered him to report for work and, after he failed to do so, removed him on charges of absence without leave (AWOL) (30 specifications) and failure to follow an order.[1]  IAF, Tab 4 at 17-27.

¶3    The appellant filed a whistleblower complaint with the Office of Special Counsel (OSC), which closed its investigation on February 27, 2015.  IAF, Tab 1 at 26-27, Tab 4 at 28.  In its close-out letter, OSC characterized the appellant's complaint regarding his removal as reprisal for disclosing that an uncleared agency official was misrepresenting herself as a security officer and had been allowed unescorted access to an area restricted to cleared employees.  IAF, Tab 1 at 27, Tab 4 at 28.  OSC found that the appellant also alleged that the removal action was in retaliation for complaining that he was denied LWOP and the opportunity to telework from Germany.  IAF, Tab 1 at 27, Tab 4 at 28.

¶4    The administrative judge informed the appellant that he bore the burden of establishing the Board's jurisdiction over his appeal.  IAF, Tab 3.  After setting

---

[1] The appellant did not file an adverse action appeal under chapter 75.

forth the legal standards applicable in an IRA appeal, the administrative judge ordered the appellant to file "a <u>concise</u> statement, accompanied by evidence," listing his protected disclosures or activities; the dates upon which he made the disclosures or engaged in the activities; the individuals to whom he made any disclosures; why his belief in the truth of any disclosures was reasonable; the actions the agency took or failed to take, or threatened to take or fail to take, against him because of his disclosures or activities; why he believed a disclosure or activity was a contributing factor to the actions; and the date of his complaint to OSC and the date that it notified him that it was terminating its investigation of his complaint, or if he had not received such notice, evidence that 120 days had passed since he filed his complaint with OSC. *Id.* at 7 (emphasis in the original).

¶5        In response, the appellant filed two similar pleadings asserting the Board's jurisdiction over his appeal. IAF, Tabs 4-5. The appellant included in his pleadings OSC's February 27, 2015 final determination and close-out letters informing him of his right to seek corrective action, but he did not include copies of any other correspondence received from OSC or his original complaint form. IAF, Tab 1 at 26-27, Tab 4 at 28. The close-out letter, which informs the appellant of his Board appeal rights, indicates that OSC investigated his claim that he was removed in reprisal for disclosing that M.P., an official without a security clearance, held herself out as a security officer and was permitted unescorted access to a Sensitive Compartmented Information Facility (SCIF), and for complaining that he was denied LWOP and telework privileges. IAF, Tab 1 at 27, Tab 4 at 5, 12-13, 28. The appellant also submitted a February 22, 2015 email message to the OSC employee who investigated his complaint. IAF, Tab 4 at 10-15, Tab 5 at 7-12. Therein, he appears to have responded to a February 10, 2015 preliminary determination letter from OSC. IAF, Tab 4 at 10-15, Tab 5 at 7-12. He also appears to have outlined the contents of his OSC complaint. IAF, Tab 4 at 10-15, Tab 5 at 7-12.

¶6    The administrative judge found that the appellant's only alleged protected disclosure that had been exhausted before OSC was the disclosure described in the close-out letter.  IAF, Tab 8, Initial Decision (ID) at 4-5; *see* IAF, Tab 1 at 27, Tab 4 at 28.    Regarding that disclosure, the administrative judge characterized the appellant's jurisdictional responses as "internally inconsistent," "poorly organized," and nonresponsive to the jurisdictional order.  ID at 3 n.2. She concluded that the appellant failed to nonfrivolously allege jurisdictional facts regarding whether his disclosure of M.P.'s presence in the SCIF contributed to his removal.  ID at 5-7.  She specifically found that the appellant failed to identify the approximate date upon which he made the disclosure such that a reasonable determination could be made regarding whether the disclosure contributed to his removal.  ID at 6.  She also found that he had submitted too little evidence in support of his allegations, e.g., he did not name or provide statements from the specific officials who allegedly told him that his disclosure contributed to his removal, and he did not name all of the officials to whom he allegedly made disclosures or provide copies of the email messages in which disclosures were made.  ID at 6-7.  She additionally found that he failed to identify the policy he alleged the agency violated by removing him when he left to accompany his Government-transferred spouse overseas.  ID at 7.  She thus dismissed the appeal for lack of Board jurisdiction.  *Id.*

## ANALYSIS

¶7    The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail

to take a personnel action as defined by 5 U.S.C. § 2302(a).[2] 5 U.S.C. §§ 1214(a)(3), 1221(e)(1) (2012); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s); *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 525 (Fed. Cir. 1992) (holding that the Board is not required to conduct a hearing where the complaint does not allege a valid charge of whistleblowing within the Board's jurisdiction).

¶8    On review, the appellant submits a recreated whistleblower complaint (Form OSC-11) using OSC's online complaint form and his apparent email response to that agency's preliminary determination letter. Petition for Review (PFR) File, Tab 1 at 10-11; *see* IAF, Tab 4 at 10-15, Tab 5 at 7-12. He avers that OSC's online reporting system is "cumbersome" and a copy of his original complaint was unavailable for download or printing. PFR File, Tab 1 at 7. He further avers that the information contained in OSC's close-out letter does not reflect the complaint that he filed and that OSC made "numerous" mistakes in the processing of his complaint. *Id.* The appellant also asserts that the administrative judge wrongly decided that he failed to make a nonfrivolous allegation that his protected disclosure was a contributing factor in his removal. *Id.* at 8. He further asserts that he deliberately declined to name some individuals to whom he made disclosures but that he would reveal such information to the Board if allowed a hearing. *Id*. He avers that, if discovery had

---

[2] The appellant was removed effective January 14, 2012. IAF, Tab 1 at 6. On November 27, 2012, the Whistleblower Protection Enhancement Act of 2012 was enacted. Pub. L. No. 112-199, 126 Stat. 1465. Where the statute has changed, we cite to the law in effect at the time of his removal.

been allowed, he would have been able to establish his case by preponderant evidence, as the agency was in possession of such items as the disclosures he made to various officials and its own policy documents regarding job protection for spouses of employees who are transferred overseas. *Id.* at 8-9.

¶9  The appellant's recreated complaint form does not meet the Board's definition of new and material evidence that would justify granting the petition for review. *See* 5 C.F.R. § 1201.115(d). New and material evidence is evidence that, despite the petitioner's due diligence, was not available when the record closed. *Id.* To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Id.* Here, the information contained in the appellant's recreated complaint form was, by his own admission, available to him when he submitted his OSC complaint. PFR File, Tab 1 at 4-5. Although a completed Form OSC-11 may demonstrate that an appellant has exhausted his claims with OSC, *see* 5 C.F.R. § 1209.6(a)(6), the appellant's recreated complaint form *is not* the actual completed Form OSC-11 he submitted to OSC.[3]

¶10  Nevertheless, the appellant has established on review that the administrative judge did not consider all of the record evidence. Her rejection of his whistleblowing claim is based on the contents of the OSC close-out and final determination letters in the record. Citing the letters, she found most of the appellant's allegations had not been exhausted. ID at 4-5. The appellant did not submit other related correspondence from OSC, such as the preliminary determination letter. Although the Board may not require an appellant to submit such correspondence, the Board may rely on those items to prove exhaustion if an

---

[3] Additionally, submission of the complaint form is not a requirement for proving exhaustion. *Smart v. Department of the Army*, 98 M.S.P.R. 566, ¶ 10 n.4, *aff'd*, 157 F. App'x 260 (Fed. Cir. 2005).

appellant chooses to submit them. 5 U.S.C. § 1214(b)(2)(E); *Bloom v. Department of the Army*, 101 M.S.P.R. 79, ¶ 10 (2006); *see, e.g.*, *Gonzales v. Department of Housing & Urban Development*, 64 M.S.P.R. 314, 319 (1994) (relying on OSC's "closure letter" to find that the appellant exhausted certain claims). The appellant also may submit his own letters to OSC to demonstrate the scope of the complaints he has exhausted with that agency. *McVay v. Arkansas National Guard*, 80 M.S.P.R. 120, 124 (1998). Here, the appellant submitted an email message he appears to have sent to the OSC employee who investigated his complaint. IAF, Tab 4 at 10-15, Tab 5 at 7-12. The date and addressee name displayed on the message header are consistent with OSC having sent the appellant the February 27, 2015 letters in the record and a preliminary determination letter dated February 10, 2015. IAF, Tab 1 at 26-27, Tab 4 at 10, 28. The email message mentions additional whistleblowing disclosures and concurrent complaints filed with the Inspector General and with Congress. IAF, Tab 4 at 12-13.

¶11    Although the administrative judge acknowledged the existence of the email message, ID at 3 n.2, she gave little, if any, weight to it in determining whether the appellant exhausted his remedies with OSC for all the protected disclosures that he claimed to have made. The email message was included in the appellant's two jurisdictional submissions. *Id*. The submissions show that the appellant included more than one alleged protected disclosure in his OSC complaint. In addition to the disclosure regarding M.P.'s presence in the SCIF, IAF, Tab 1 at 27, Tab 4 at 5, 12-13, 28, the email message lists the following other alleged protected disclosures: (1) another employee, J.B., falsely represented himself as a security officer to gain access to certain information; (2) agency managers were creating a hostile environment and committing various other forms of mismanagement; and (3) an agency manager, C.G., "was exhibiting signs of schizophrenia" during the August 2011 earthquake in the Washington, D.C. area

when she "stood in the door way and ran down the hall and yelled at employees to get back to their desks or they would be fired," IAF, Tab 4 at 13.

¶12    The appellant's allegations regarding a hostile environment and mismanagement are too vague and conclusory to rise to the level of nonfrivolous allegations that would merit a finding of the Board's jurisdiction. *Id.*; *see* 5 C.F.R. § 1201.4(s); *see, e.g.*, *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 6-8 (2015) (finding that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal). Likewise, he has not adequately alleged that his disclosure regarding C.G.'s behavior during the August 2011 earthquake evidenced a violation of law, rule, or regulation; or a substantial and specific danger to public health or safety. IAF, Tab 4 at 13; *see* 5 U.S.C. § 2302(b)(8) (2012); *El*, 123 M.S.P.R. 76, ¶¶ 6-8. We find, however, that he could have reasonably believed that he was disclosing a violation of law, rule, or regulation pertaining to physical and information security when he made disclosures that the agency failed to prevent M.P.'s and J.B's unauthorized access to sensitive or classified information. IAF, Tab 4 at 12-13; *see* 5 U.S.C. §§ 2302(b)(8)(A)(i), 2302(b)(8)(B)(i) (2012). The appellant identified by name several agency officials to whom he allegedly made these disclosures. IAF, Tab 4 at 12-13. He also stated that he filed a complaint concerning them with the Inspector General. *Id.*; *see* 5 U.S.C. § 2302(b)(8)(B) (2012). We thus conclude that the appellant nonfrivolously alleged that he made protected disclosures based on his reasonable belief that the agency violated a law, rule, or regulation in connection with the access of employees M.P. and J.B. to sensitive or classified information.

¶13    The administrative judge found that the appellant failed to nonfrivolously allege facts under the "knowledge-timing test" from which the Board could infer

that his disclosures contributed to the personnel actions taken against him.[4] ID at 6. The administrative judge explained that the appellant's pleadings did not state when he disclosed M.P.'s presence in the SCIF and that such disclosure might have been made up to 2 years before his removal. *Id.* We do not expect administrative judges to have to guess the time when an appellant made his or her disclosures especially where, as here, the administrative judge issued an explicit jurisdictional order regarding what the appellant needed to do to establish jurisdiction. IAF, Tab 3. We note, however, that the appellant explained that he could not provide precise dates because he lacked access to his agency email account when making his OSC complaint or when preparing the pleadings for this appeal. IAF, Tab 4 at 5, 7, 10, Tab 5 at 2, 4. We also note that the Board has found the knowledge-timing test to have been satisfied when the alleged personnel action is taken within approximately 1 to 2 years of the appellant's disclosure. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 16 (2011). Additionally, the appellant alleged that agency officials, including a security officer, told him that his disclosures and complaints were "at the very least a contributing factor" in the agency's denial of his request for LWOP when he accompanied his wife to Germany. IAF, Tab 4 at 14; *see* IAF, Tab 5 at 5-6. He stated that he intended to depose these officials if his appeal went forward. IAF, Tab 5 at 6.

¶14    We thus find that the appellant made a nonfrivolous allegation of the Board's jurisdiction and that he is entitled to a hearing on the merits. *See, e.g.*, *Peterson*, 116 M.S.P.R. 113, ¶ 17. Prior to holding a hearing, the administrative

---

[4] An appellant "may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that—(A) the official taking the personnel action knew of the disclosure; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action." 5 U.S.C. § 1221(e)(1) (2012).

judge shall afford the parties a reasonable opportunity to complete discovery, and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of this appeal. *Id.*, ¶ 18. Consistent with this Opinion and Order, the administrative judge shall hold a hearing and issue a new initial decision that makes a finding as to whether the appellant is entitled to corrective action. *Id.*

## ORDER

¶15    We remand this appeal to the regional office for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.